

# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>STEVEN RUSSELL OHMER | Case Number: 1122-CC09230 |
|---|---|
| Plaintiff/Petitioner:<br>YVONNE THOMAS | Plaintiff's/Petitioner's Attorney/Address<br>YVONNE THOMAS<br>4545 EVANS<br>ST LOUIS, MO  63130 |
| vs. | |
| Defendant/Respondent:<br>KINDRED HOSPITAL | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: KINDRED HOSPITAL
Alias:

MARILYN JONES
4930 LINDELL BLVD
SAINT LOUIS, MO  63130



**COURT SEAL OF CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

August 19, 2011
_____ Date

M. Jane Schweitzer
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title)
☐ other _____
_____ (address)
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server           Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____ Date    _____ Notary Public

**Sheriff's Fees, if applicable**
Summons      $_____
Non Est      $_____
Mileage      $_____ ( ____ miles @ $ ____ per mile)
Total        $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only* · Document Id # 11-SMCC-15... 

Civil Procedure Form No. 1, Rules 54.01 – 54.05,
13, and 54.20, 506.120 – 506.140, and 506.150 RSMo



EXHIBIT A

MISSOURI CIRCUIT COURT
TWENTY- SECOND JUDICIAL CIRCUITS
(ST. LOUIS CITY)

| | | |
|---|---|---|
| Yvonne Thomas, | ) | Cause No._____ |
| 4545 Evans Ave | ) | Division: _____ |
| St. Louis, Mo. | ) | |
| 314-531-1546 | ) | |
|     Plaintiff | ) | Petition/Pleading |
| v. | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| Kindred Hospital | ) | |
| 4930 Lindell BLVD. | ) | |
| St. Louis, Mo. 63108 | ) | |
| 314-361-8700 | ) | |
| John Doe, Physician, | ) | |
| Jane Doe, Nurse, | ) | |
| John Doe, | ) | |
| Jane Doe, | ) | |
| Barbara Doe, | ) | |
|     Defendants | ) | |

*[handwritten:] MARILYN JONES
4930 LINDELL BLVD
ST LOUIS, MO 63130*

Now comes the Plaintiff, Yvonne Thomas, bringing this cause of action under the Missouri Revised statutes for Wrongful Death, section 537.080, Negligent Supervision, and Medical Malpractice and pursuant to Missouri Supreme court rule 55.05, against the above named defendants in negligently contributing to and causing injuries and the death of her mother, Ms. Willie C. Daniel, on June 11, 2011.

For her cause of action Plaintiff states:

1. Plaintiff is resident of city of St. Louis, residing at 4545 Evans Ave. St. Louis, Mo.

2. That the Defendants and their employees primary business location is Kindred Hospital, located at 4930 Lindell Blvd. in St. Louis, Mo;

3. That the acts specified here in this petition all were done in St. Louis City, Missouri at Kindred Hospital by its employees, representatives, agents, or contractual physicians and therefore this Court has jurisdiction to hear this petition

4. That pursuant to section 537.080(a)(1) of Missouri Revised Statutes Yvonne Thomas is a Class I beneficiary of her mother, Willie C. Daniel and as such does have standing to bring this action

5. That venue is located in St. Louis city, where the first injury occurred at Kindred Hospital in St. Louis City

6. That on March 24, 2011, Ms. Willie C. Daniel was admitted to Defendant Kindred Hospitals care from St. Louis University Hospital for "respiratory system therapy," without any injuries to her legs, thighs or buttock areas, blood poisoning or any "septic" condition;

7. That on or about May 30, 2011, there were severe sores, bruises and bed sore injuries that had become and were infected, poisonous, and septic to my mother's left thigh, buttocks and back, with blood and puss oozing from them. The Defendants negligently failed to provide her with proper care and treatment to prevent these injuries from occurring or to properly diagnose and treat these injuries. These injuries turned "septic" and contributed to and/or caused the death of Willie C. Daniel on June 11, 2011;

8. Defendant Kindred Hospital, employees John Doe physician, and Jane Doe Nurse failed to properly monitor, treat and prevent these wounds and sores from occurring to Willie

C. Daniel and these wounds, sores and injuries to her buttocks area continued spreading and turned "septic" and caused her further injury and eventually death;

9. Defendant Kindred Hospital was negligent for failing to select, train, supervise, and monitor its employees and their negligence and failures in care of Willie C. Daniel, my mother, and this) directly and indirectly resulted in the "septic" condition that contributed to and/or caused her death;

10. That from March 24, 2011 to May 30, 2011, Defendant Kindred Hospital, its employees and other Defendants did withhold and failed to report the extent of Willie C. Daniels wounds, bedsores and injuries from the family or medical personnel, preventing treatment, medication and care and these injuries turned "septic" containing diseases and caused and/or contributed to her death on June 11, 2011;

11. That on May 30, 2011, it was discovered at Barnes-Jewish Hospital, that Defendant Kindred hospital and its employees had allowed a substantial portion of Willie C. Daniel's upper left thigh and buttocks to become infected, septic and poisonous with portions of thigh to have eroded away or removed via infection as well as severe wounds and injury to her buttocks and that a "septic" condition resulted and occurred as result of their negligence Willie C. Daniel died on June 11, 2011;

12. On June 11, 2011, Willie C. Daniel died from the injuries that resulted from the Defendants negligence from the resulting "septic" conditions;

13. This "septic" condition and the resulting diseases was caused by the Defendants negligent and wrongful care related to the bed sores, wounds and infections that occurred at Defendant KINDRED HOSPITAL;

14. That from May 1, 2011 to May 30, 2011, Defendant Kindred Hospital, its employees, John Doe physician, and Jane Doe nurse failed to use the degree of skill and learning ordinarily used by members of profession under the same or similar circumstances by failing to prevent, then failing to diagnose, then failing to properly medicate and treat the bed sores, open wounds, blood poisoning, and the resulting "septic", condition that contributed to and/or killed Willie C. Daniel from these negligent acts:

15. That Defendant Barbara(?) was negligent in failing to diagnosis and properly transfer Willie C. Daniel to nearby facility for additional required respiratory treatment and to disclose the severity of the injuries Willie C. Daniel acquired while in the care of Kindred hospital;

16. Defendant Kindred Hospital and its employees, employees, agents and representatives failed to maintain and monitor the health of Willie C. Daniel which resulted in her wrongful death The Plaintiff submits that the defendants had a legal duty to conform to a particular standard of conduct to protect Willie C. Daniel and others against unreasonable risks or injuries and the defendants breached this duty of care by causing bed sores to develop on Willie C. Daniels thighs and buttocks, then improperly treating the bedsores/ injuries to Willie C. Daniel and those injuries turned "septic" which negligently contributed to and/or caused her death and a proximate cause existed between the defendant conduct and the resulting injury and death and actual damage to Willie C. Daniel's person which directly and indirectly caused her death.

17. The defendants knowingly and unknowingly contributed to and conspired to negligently and wrongfully kill Willie C. Daniel by their negligence of failing to diagnose and properly

treating the bed sores, injuries and infections that resulted from injuries she acquired while in their care. These injuries turned "septic" causing her further injury and contributed to and/or caused her death;

18. Defendant, Jane Doe nurse, was negligent for failing to report the existence of bed sores on Willie C. Daniel's legs, back and buttocks and to monitor those bed sores, and injuries of Willie C. Daniel and to report those injuries to physician or supervisor and this condition turned "septic" resulting in the contributing or causing of the death of Willie C. Daniel;

19. Defendant, John Doe physician, failed to properly and correctly diagnose and treat the "septic" condition she had developed while in his/her care to Willie C. Daniel in professional and timely manner to prevent infection and blood poisoning which contributed to and/or caused the death of Willie C. Daniel;

20. Defendant, Kindred hospital attempted to conceal and transfer the severity of the condition of Willie C. Daniel and their wrongful acts to Dubois Hospital on or about May 30, 2011 but Dubois hospital denied her admittance due to the severe nature of her wounds and infection;

21. Defendant Kindred Hospital was medically negligent for attempting to conceal the severity and nature of the injuries to Willie C. Daniel's left thigh, back and buttocks and their "septic" condition, by attempting to conceal them and their wrongful acts by transferring her to Bowen Hospital on or about May 30, 2011;

22. Defendant Kindred Hospital it's employees, representatives and agents were wrongful and negligent for contributing to and/or causing the death of Willie C. Daniel from

"septic", a condition containing diseases that were contracted by the bed sores, infections and wounds to Willie C. Daniels left thigh area and buttocks. The disease filled organism of the "septic" condition were direct result of the negligent and improper diagnosis, treatment, and care of Willie C. Daniel by the Defendant Kindred Hospital;

Wherefore, the plaintiff prays this court to demand for trial and judgment and relief of compensatory and punitive damages in excess of twenty-five thousand dollars and for all other relief for which the Plaintiff is entitled to and any other relief this court may choose to award or deem appropriate as relief in this action.

Respectfully submitted,

Sworn to and subscribed before me this 9th
day of August, 20 11
Witness my hand and official seal,
Notary Public _Carol Christian_

Yvonne Thomas
4545 Evans Ave.
St. Louis, Mo
314-531-1546
In pro se

CAROL CHRISTIAN
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: May 16, 2015
Commission # 11402673