UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| YVONNE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:11CV01602 AGF |
| | ) | |
| KINDRED HOSPITAL, JOHN DOE, | ) | |
| Physician; JANE DOE, Nurse; JOHN DOE; | ) | |
| JANE DOE; and BARBARA DOE; | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER OF REMAND**

This matter is before the Court on Plaintiff's motion (Doc. No. 9) to remand the case to state court.  Plaintiff, a citizen of Missouri, filed this action pro se on August 9, 2011, in Missouri state court, claiming wrongful death, negligent supervision, and medical malpractice related to the death of her mother.  Plaintiff named as Defendants Kindred Hospital East, LLC ("Kindred"), a citizen of Delaware and Kentucky; and five individual "Doe" Defendants whom she claimed were responsible for the decedent's medical care at Kindred.  Kindred removed the action to this Court on September 15, 2011, based on diversity jurisdiction.

On September 27, 2011, Plaintiff filed a motion to remand to state court and on September 28, 2011, Plaintiff filed a motion for leave to amend the complaint to add the names of the Defendants listed in the original complaint as John Doe, Jane Doe, and Barbara Doe.  Plaintiff asserted that these Defendants defeated complete diversity.  In

opposition to the motion to remand, Kindred argued that at the time of removal, complete diversity existed.  Kindred did not file a response to Plaintiff's motion for leave to file an amended complaint, and by Order dated October 24, 2011, the Court granted that motion and ordered Kindred to file with the Court the citizenship of the newly named Defendants, to the extent such information was available to Kindred.  The Court stated that it would then consider Plaintiff's motion to remand, stating that it would give Kindred the opportunity to file a supplemental memorandum in response to that motion, upon request.

On November 4, 2011, Kindred filed a memorandum indicating that the individuals identified in Plaintiff's amended complaint were citizens of Missouri.  To date, Kindred has not filed a request to file a supplemental opposition to Plaintiff's motion to remand.  In balancing the factors pertinent to the Court's determination, the Court notes that the parties who defeat diversity were named as John and Jane Does in the original complaint, and their identities were not known to Plaintiff, but were known to Defendant Kindred Hospital.  Thus, permitting amendment of the complaint to name these Defendants continues to be the proper result.  The presence of these individuals destroys diversity.  As such, this case is now subject to remand pursuant to 28 U.S.C. § 1447(e).  *See Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 308-09 (8th Cir. 2009); *see also Marshall v. CSX Transp. Co., Inc.,* 916 F. Supp. 1150, 1152 (M.D. Ala. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion (Doc. No. 9) to remand the

2

case to state court is **GRANTED**.  Plaintiff's request for costs is denied.

       **IT IS FURTHER ORDERED** that the Clerk's Office shall remand this case to the Circuit Court of the City of St. Louis, Missouri, in which it was filed.

                                      _____
                                      AUDREY G. FLEISSIG
                                      UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2011